UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY PIROZZI, DOMINICK MARROCCO,
ANTHONY D'AQUILA, FRANK FINKEL,             REPORT AND
JOSEPH FERRARA, SR., MARC HERBST,           RECOMMENDATION
THOMAS PIALI and DENISE RICHARDSON,
as Trustees and Fiduciaries of the Local 282   09 CV 565 (SLT)(RML)
Welfare, Pension, Annuity, Job Training, and
Vacation and Sick Leave Trust Funds,

                Plaintiffs,

    -against-

ANDREWS TRUCKING CORP.,

               Defendant.
----------------------------------------------------------------X

LEVY, United States Magistrate Judge:

        In my Report and Recommendation dated March 22, 2010 (the "R&R"), I recommended that plaintiffs' motion for a default judgment be granted and that plaintiffs be awarded $1,846,973 plus interest, but that plaintiffs' request for audit fees be denied, with leave to submit supporting documentation within thirty (30) days. Plaintiffs now submit an auditor's declaration to support their request for $13,382.50 in audit fees. (See Declaration of Richard Bamberg, dated April 21, 2010 ("Bamberg Decl.").)

        As explained in the R&R, ERISA and the CBA authorize plaintiffs to recover their audit costs. See King v. JCS Enters., 325 F. Supp. 2d 162, 172 (E.D.N.Y. 2004) (finding that 29 U.S.C. § 1132(g)(2)(E) allows recovery of audit fees). (See also Declaration of William M. Maye, sworn to June 11, 2009, Ex. A, Art. IX, § 3(b).) Like requests for attorney's fees, such requests must have the support of "records . . . sufficient to allow the court to determine the reasonableness of the audit costs." Morin v. Nu-Way Plastering Inc., No. 03 CV 405, 2005 WL

3470371, at *4 (E.D.N.Y. Dec. 19, 2005) (citing King, 325 F. Supp. 2d at 173-74).

According to the auditor's declaration, the accounting firm of Abrams, Herde & Merkel, LLP conducted three audits of defendant's books and records. (Bamberg Decl. ¶ 3; see also R&R at 4-5.) Collectively, the firm's auditors spent a total of 186.5 hours on the three audits, at hourly rates of $65 and $85 per hour. (See Bamberg Decl., Ex. A.) I have reviewed the auditor's billing summary, and I find the audit costs reasonable. I therefore respectfully recommend that plaintiffs be awarded $13,382.50 in audit fees.

Any objections to this Report and Recommendation must be filed with the Clerk of Court, with courtesy copies to Judge Townes and to my chambers, within fourteen days. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72.

                Respectfully submitted,

                  /s/
                ROBERT M. LEVY
                United States Magistrate Judge

Dated: Brooklyn, New York
       May 14, 2010